PHILIP C. TAYLOR, Respondent, *v.* FREDERICK SAUGRAIN, Appellant, and THOMAS S. NELSON, Respondent.

February 28, 1876.

A, and B his wife, and A as trustee of B, were parties named as grantors in a deed of trust conveying certain property belonging to A, and also certain property belonging to the trust estate of B, to secure the payment of a note for money borrowed by A from C. This deed was executed by "A, trustee of B," and also by B, and was acknowledged by A and wife as

their act and deed, and also by B herself in such manner as not only to refer to her trust estate, but to the lot in which she had only a contingent right of dower. *Held*, 1. That A is estopped to say that the manner of setting his hand and seal to this instrument was intended to give it an operation less broad than its purport. 2. That, after delivering this instrument to C, as his deed, duly acknowledged and certified as such, and receiving C's money therefor, it would be inequitable to permit him to suggest any want of formality in its execution.

APPEAL from St. Louis Circuit Court.

*Reversed with final judgment.*

*E. T. Farish*, for appellant, cited: Baldwin v. Snowden, 11 Ohio St. 203; Goodtitle v. Bailey, Cowp. 600; 1 Johns. 91; 1 Johns. 399; 3 Johns. 388; Jackson v. Downsborough, 1 Johns. 95; Bridge v. Wellington, 1 Mass. 219; 10 Modern, 46; Wilkinson v. The A. C. G. M. Co., 12 Eng. Law & Eq. 144; Yale v. Flanders, 4 Wis. 96; Plummer v. Russell, 2 Bibb (Ky.), 174; Aveline v. Whisson, 4 Man. & G. 801; Cromwell v. Grunnden, 2 Salk. 462; 7 Blackf. (Ind.) 536; Park v. Hazelrigg, 1 Pars. (Penn.) Eq. 96, note; 1 Pike (Ark.), 108; Lessee of Diard v. Davis, 6 Pet. 60; Cooch v. Goodman, 2 Ad. & E. 284.

*H. A. Clover*, for respondent.

GANTT, P. J., delivered the opinion of the court.

Philip C. Taylor, sheriff of St. Louis county, had been substituted in the place of the original trustee, in a deed made by Thomas S. Nelson, to secure the city of St. Louis for the unpaid portion of the purchase money of a lot in the St. Louis common, and, after paying the city, there was a balance in his hands, claimed by both Saugrain and Nelson. He filed a bill of interpleader and paid the money into court, to be contended for by Nelson and Saugrain. The court decided in favor of Nelson, and Saugrain brings the case here by appeal.

Saugrain's claim to the fund is thus supported: On July 21, 1860, by a deed between Thomas S. Nelson and Eliza, his wife, of the city and county of St. Louis, and State of Missouri, and Thomas S. Nelson, trustee of Eliza Nelson,

acting under the direction of the said Eliza Nelson, as is evidenced by her signature hereto, and at the request of Socrates Newman and Richard J. Howard, of the county aforesaid, which request is evidenced by the signature of the said Newman and Howard to this deed, parties of the first part, Robert A. Bakewell, party of the second part, and Frederick Saugrain, of the third part, there were conveyed to Bakewell lots 8, 9, and 10, of block 1, of the third subdivision of the city common; also, lots 12 and 17, in Newman and Howard's addition to the city of St. Louis, in trust to secure $2,000, owing from Nelson to Saugrain; for which he, on July 21, 1876, executed his promissory note, payable one year after date, with power in the trustee to sell the land conveyed, in default of payment of the note. The deed concluded thus:

"In witness whereof, the parties of the first part have hereunto set their hands and seals, the day and year first above written.

"THOMAS S. NELSON.   [L. S.]
  "*Trustee of Eliza Nelson.*
"ELIZA NELSON.        [L. S.]
"R. J. HOWARD.        [L. S.]
"SOC. NEWMAN.         [L. S.]"

The acknowledgment was as follows:

"State of Missouri, county of St. Louis. Be it remembered that, on this 21st day of July, A. D. 1860, before etc., etc., came Thomas S. Nelson and Eliza Nelson, his wife, and Socrates Newman and Richard Howard, who are all personally known to be the same persons whose names are subscribed to the foregoing instrument of writing as the parties thereto, and severally acknowledged the same to be their act and deed, for the purposes therein mentioned; and the said Eliza Nelson, the contents of the foregoing instrument being first by me made fully known unto her, acknowledged, on an examination separate and apart from her said husband, that she executed the same freely,

and without compulsion or undue influence of her said' husband; and, as the said Eliza Nelson claims a dower interest in the property first in said deed described, she further acknowledged that she relinquished her dower in said property freely, and without any compulsion or undue influence of her said husband. In witness," etc.

On May 23, 1864, a sale was made under the deed of trust, to pay the note of Nelson, which was overdue, and Saugrain became the purchaser, paying for the lots 8, 9, and 10 the sum of $595, and for lots 12 and 17 $1,025, and a deed was made by the trustee to him, of that date. Nelson claimed that the instrument dated July 21, 1860, was not his deed; that lots 8, 9, and 10, therefore, were not conveyed to the trustee of Saugrain, and, consequently, nothing passed by the trustee's deed to Saugrain. Of this opinion was the Circuit Court, which gave judgment for Nelson, and Saugrain appealed to this court.

1. The deed of July 21, 1860, purported to be the deed of Thomas S. Nelson and Eliza, his wife, and of Thomas S. Nelson, trustee of Eliza Nelson, parties of the first part. It declares in the *testimonium* clause that "the parties of the first part have hereunto set their hands and seals." Then follow the names of them all. Instead, however, of repeating his signature, to correspond with the two characters in which he was a party to this deed, Nelson's appears only once, written thus: "Thomas S. Nelson, trustee of Eliza Nelson. [L. S.]" When the instrument is acknowledged, it is not acknowledged as the deed of "Thomas S. Nelson, trustee of Eliza Nelson," but in broad and comprehensive terms it is certified that "Thomas S. Nelson and Eliza, his wife, Socrates Newman, and Richard Howard" came before the notary and "severally acknowledged the same to be their act and deed." That is, Nelson, whose name and seal appear to the instrument, acknowledged and declared it to be his deed. He now seeks to repudiate it, and unsay what he said in 1860. By what he then said he procured $2,000

·of Saugrain's money.   A court of justice will give no willing
aid to such an attempt ; but if Saugrain had no title to the
land which was sold by the trustee of the city, in 1871, it
may be unable to help him.   We see no legal ground for the
·distinction attempted by Nelson.   He was *sui juris*, and must
be taken to be cognizant of the contents of the deed he signed
:and acknowledged.   That his hand is set to it is undeniable ;
·that his seal, also, is affixed is plain ; and, in the authentic
manner prescribed by law, he declares it to be his deed.
The argument is that, his signature purporting to be merely
·that of " Thomas S. Nelson, trustee of Eliza Nelson,"
:and there being no signature of " Thomas S. Nelson" sim-
ply, he must be taken not to have intended to sign the
paper except as the trustee of Eliza Nelson.   We can-
not listen to this argument unless we suppose that, on
·July 21, 1860, Nelson intended to perpetrate a very base
fraud on Saugrain.   We must suppose that, after executing
this deed and acknowledging it, Nelson delivered it to Sau-
·grain.   By the first part of the instrument Saugrain was
informed that it was the deed of Nelson and wife, and also
·of Mrs. Nelson's trustee.   He was further told that all the
parties of the first part had set their hands and seals to the
paper.   He saw that, in fact, this was true.   And he was
further informed, by the certificate of acknowledgment, that
Nelson had declared it to be his deed—not merely the deed
·of the grantors collectively, but the deed of each of them
severally.   We are of opinion that, after all this, Nelson is
·estopped to say that it is not his deed.   When any one has
induced another to accept a particular hypothesis, he shall
not afterwards, to the injury of that other, contradict
that hypothesis.   This is the rule of law as declared by
the Supreme Court of Missouri in the case of *Lindell* v.
*McLaughlin*, 30 Mo. 28–33.   The learned judge who deliv-
·ered the opinion of the court on that occasion uses the fol-
lowing language :  " The plain and simple principle of natu-
ral equity which lies at the foundation of these New York

decisions, and constitutes, in truth, the main reason for the various modifications of what has been termed estoppels *in pais*, is that, when a man misleads another, by his acts or words, so as to occasion an expenditure of money on the part of the latter, the former will not be allowed to change his assertions or claims to the detriment of the party misled. It is a practical fraud, although no fraud may be intended, to permit this to be done." Therefore, even if we were of opinion that this paper was not in strictness the deed of Nelson, we would hold that he shall not now unsay what he said on this subject in 1860. We incline to think that in all respects it is his deed, that it so professes to be, and that his hand and seal are affixed to it in witness of his solemn act. But, because the first consideration completely disposes of the case, and because it is injudicious for courts to decide more than is necessary for the determination of the controversy presented by the record, we express no opinion on this point. We content ourselves with declaring that in this case he is estopped to say it is not his deed, and, Judge LEWIS concurring, Judge BAKEWELL not sitting, having been of counsel, we give final judgment in this court in favor of Saugrain.